IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL SABINA,

      Plaintiff,                      14cv0160
                                  **ELECTRONICALLY FILED**
      v.

DAVISON DESIGN & DEVELOPMENT,
INC. d/b/a DAVISON, a Pennsylvania
Corporation, GEORGE DAVISON, III,

      Defendants.

## Memorandum Opinion

### I.    Introduction

Pending before this Court is Defendants' Motion to Compel Arbitration and for a Stay of Pre-trial Deadlines Pending Disposition of this Motion (doc. no. 5). The case was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania, but was removed to this Court on the basis of federal question. Plaintiff brings a five count Complaint alleging violation of the American Inventor's Protection Act ("AIPA") (Counts I and IV), fraudulent misrepresentation/inducement/concealment (Count II), breach of contract/good faith and fair dealing, (Count III), and unjust enrichment (Count V). The underlying dispute, properly categorized as a "copycat action," filed by a disgruntled customer against Davison Design & Development, Inc. and its CEO George M. Davison, III ("Defendants") mirror a substantively identical (and related) case filed by another customer of Davidson Design that was recently before this Court - - *Wee v. Davison Design & Development, et al*. Case No. 2:13-cv-01678

("*Wee*"). The Court was asked to resolve the same question in *Wee,* that is, whether the dispute at issue in that case was governed by an arbitration agreement in the contracts between the parties. By an Order dated December 18, 2013, the Court, found that it was, and enforced the arbitration agreement containing the same language as in the present case, compelled Plaintiff to pursue the matter in AAA arbitration, and dismissed the case while retaining jurisdiction to enforcement any judgment of said arbitration. 2:13-cv-01678 (doc. no. 9). This Court is again asked to determine whether the present dispute is covered by the parties contract(s) which contain two (2) allegedly broad agreements to arbitrate.

## II. Factual Background

According to the Complaint in this matter, Mr. Sabina is the purported inventor of a "concept involving a pool winterizing snorkel." Doc. No. 1-2 at ¶ 6. In order to aid in the development of his invention, Mr. Sabina entered into three invention-related contracts with Davison Design – a Pre-Development and Representation Agreement, a Confidentiality Agreement, and a New Product Sample Agreement ("NPSA"), all of which are referred to and attached to Plaintiff's Complaint. Id. at ¶ 7.

Critically, section III(C) of the Pre-Development and Representation Agreement states:

### C. Disputes; Arbitration

For any dispute, the parties agree to seek to resolve the dispute through good faith negotiation. For any dispute not resolved through good faith negotiation, the parties agree that all disputes shall be resolved through arbitration before the American Arbitration Association ("AAA") in Pittsburgh, Pennsylvania using the Commercial Arbitration Rules in effect on the date that the claim is submitted to AAA. Client agrees that any claim must be brought in an individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.

Additionally, Section 6(A) of the New Product Sample Agreement contains a virtually

2

identical provision:

### 6. CHOICE OF LAW; ARBITRATION; CURE

A. This Agreement shall be governed by the law of the Commonwealth of Pennsylvania and is deemed to be executed, entered into and performed in Pittsburgh, Pennsylvania. For any dispute, the parties agree to seek to resolve the dispute through good faith negotiation. For any dispute not resolved through good faith negotiation, the parties agree that all disputes shall be resolved through arbitration before the American Arbitration Association ("AAA") in Pittsburgh, Pennsylvania using the Commercial Arbitration Rules in effect on the date that the claim is submitted to the AAA. Client agrees that any claim must be brought in an individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.

### III. Applicable Standard of Review/Case Law

Defendants move to compel arbitration, and therefore, appropriately move this Court to dismiss the case for failure to state a claim upon which relief may be granted. See Doc. No. 6 at fn 3 (citing Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F.Supp.2d 474 (E.D. Pa. 2011).

Recently, in Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764 (3d Cir. 2013), the United States Court of Appeals for the Third Circuit, citing Somerset Consulting, resolved the "split pronouncements on the standard for deciding a motion to compel arbitration":

> . . . [w]here [as here] the affirmative defense of arbitrability of claims is apparent on the fact of a complaint (or. . . documents relied upon in the complaint), the FAA would favor resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery. That approach appropriately fosters the FAA's interest in speedy dispute resolution. In those circumstances, 'the question to be answered . . . becomes whether the assertion of the complaint, give the required broad sweep, would permit adduction of proofs that would provide a reasonable legal basis for rejecting the affirmative defense.

Guidotti, 716 F.3d at 774 (internal citations omitted).

The Federal Arbitration Act ("FAA") "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate." 9 U.S.C. § 1 et seq. John Hancock Mutual Life Ins. Co. v. Olick, 151 F.3d 132, 136 (3d Cir. 1998) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983)). The FAA requires that agreements to arbitrate be enforced to the same extent as other contracts. 9 U.S.C. §§ 1, 2. The FAA applies broadly to cover any "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract or transaction." 9 U.S.C.A. § 2. See Roadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 291-292 (3d Cir. 2001) (abrogated on other grounds).

Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986) (quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). Prior to ordering arbitration, the FAA requires the Court to make the following determinations: (1) whether the parties entered into a valid arbitration agreement, and (2) whether the specific dispute falls within the scope of that agreement. John Hancock, 151 F.3d at 137 (stating that "district court need only engage in a limited review to ensure that the dispute is arbitrable").

Moreover, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986)(quoting United Steelworkers of

America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)).

**IV.     Discussion**

This Court, recognizing that all doubts should be resolved in favor of arbitrability of a dispute, finds that the arbitration clauses within both the Pre-Development Agreement and the NPSA, are valid and applicable to this dispute. See AT & T Technologies, Inc., 475 U.S. at 650. See also, Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 106 (3d Cir. 2000). The arbitration provisions are quite broad and apply to all of Mr. Sabina's alleged claims against Defendants.

Mr. Sabina takes the narrow position that the AIPA claims in the Complaint are not contemplated in the NPSA, and therefore, he is entitled to discovery thereon. As Defendants point out, and this Court agrees, this Court already held in the related *Wee* case, that this same arbitration language encompassed all the same causes of action (AIPA, fraud, breach of contract, and unjust enrichment) against the same Defendants (Davidson Design and Mr. Davison). Just like the arbitration agreement in *Wee,* the parties' arbitration agreement in this case states that "all disputes shall be resolved through arbitration." (emphasis added). The Court is mindful that "[a]n arbitration provision should be interpreted to cover the dispute unless it can be stated with 'positive assurance' that the dispute was not meant to be arbitrated," Grimm v. First National Bank of Pennsylvania, 578 F.Supp.2d 785, 792 (W.D. Pa. 2008), and therefore, concludes that the AIPA claim necessarily falls under broad and all-encompassing arbitration clause at issue in both the Pre-Development Agreement and the NPSA.

Mr. Sabina further argues that his AIPA claim against Mr. Davison, because he was a non-signatory to the NPSA, is not subject to arbitration. However, in his Complaint, Mr. Sabina specifically alleges that Mr. Davison is an officer, director or partner of Davison Design, and

5

therefore, as an agent of Davidson Design, is bound under the terms of a valid arbitration agreement. Reijic v. Tullett Prebon Americas Corp., 2011 WL 2491342 at * 5 (citing Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, 7 F.2d 1110, 1121-22 (3d Cir. 1993) (applying agency principles to require that claims against officers or employees of one of the contracting parties who were not signatories to the arbitration contract be submitted to arbitration).

Plaintiff next argues that Davison Design did not engage in good faith negotiations and therefore, waived any right to arbitration. However, there is no allegation that Defendant failed to act in good faith. On the contrary, the documents attached to Plaintiff's own brief (doc. no. 8-1) evidence that Plaintiff sent a demand to Defendants, one, however, that was rejected. The fact that the parties failed to reach an agreement does not negate the agreement to arbitrate their disputes. As for Plaintiff's claim that Defendants delayed in seeking arbitration, the Court notes that upon Plaintiff's filing of the Complaint, Defendants timely removed this matter and asserted their arbitration rights. The Court finds the case of Perry v. Sonic Graphic Sys. Inc., 980 F.2d 912 (3d Cir. 1992), cited by Plaintiff in support of his waiver argument, to be distinguishable, because that case involved a delay of 14 months in seeking arbitration.[1]

The Court does not find that judicial efficiency will be promoted by voiding the language of the Pre-Development and Representation Agreement and the NPSA, which both reflect an unambiguous and unmistakable intention for the parties to submit all of their disputes to arbitration. The Court will not dismiss this case with prejudice, but rather, will stay the case and administratively close it while the parties proceed to arbitration. See Azur v. MBNA Corp., 2007 WL 1656255 (W.D. Pa. 2007), citing Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir.

---

[1] The Court will defer to the AAA to resolve disputes regarding waiver, because questions regarding enforceability of terms of underlying contract, are more properly before the AAA. Grimm v. First National Bank of Pennsylvania, 578 F.Supp. 2d 785, 792 (W.D. Pa. 2008).

2004). At the appropriate time following the conclusion of the arbitration process, any party may file a petition to reopen this case for the purposes of enforcing/vacating the arbitration decision. An appropriate Order follows.

**SO ORDERED** this 25th day of February, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties